**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3163-22

GREENBRIAR COMMUNITY
ASSOCIATION, INC.,

     Plaintiff-Appellant,

v.

CARLA MCGRUDER,

     Defendant-Respondent.

_____

          Submitted May 20, 2024 – Decided July 9, 2024

          Before Judges Gilson and Berdote Byrne.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-004655-22.

          Simeone & Raynor, LLC, attorneys for appellant (I. Dominic Simeone, of counsel; Stefanio G. Troia, of counsel and on the briefs).

          Richard B. Supnick, attorney for respondent.

PER CURIAM

This appeal involves a dispute over attorneys' fees. Plaintiff, Greenbriar Community Association, Inc., appeals from a May 8, 2023 amended judgment, which awarded it $1,000 in "other cost[s]." Plaintiff contends that the court abused its discretion in limiting the award to $1,000 when it had requested $11,103.14 in fees and costs from defendant, Carla McGruder. Given that the $1,000 fee award was reasonable and proportionate to the $2,352.46 damages award, we discern no abuse of discretion and affirm.

I.

In 2000, defendant purchased a home in Gloucester Township and became a member of plaintiff's homeowners association, Greenbriar Community Association (the Association). As a member, defendant was subject to the Association's declaration of covenants and bylaws, which included an agreement to pay all assessments levied by the Association. Specifically, defendant agreed to pay annual assessments, special assessments for capital improvements, and any default assessments. The default assessments included cost of damages, attorneys' fees, costs of suit, and court costs if a member failed to pay the other assessments and the Association sued to recover the assessments.

Plaintiff has sued defendant at least three times seeking to recover delinquent assessments. In 2016, defendant became delinquent in paying her

Association fees, and plaintiff sued in April 2016. Two months later, in June 2016, the court entered a default judgment against defendant in the amount of $2,496.01. The following year, in 2017, plaintiff again sued defendant seeking a judgment in the amount of $2,848.41, which the court entered against defendant on January 5, 2018.

Plaintiff filed the underlying suit that gives rise to this appeal in July 2022. Plaintiff sought a judgment against defendant in the amount of $5,789.25, consisting of (1) $3,689.25 for unpaid assessments, fines, and late charges through June 30, 2022; (2) $600 for the accelerated balance of the 2022 annual assessment; and (3) $1,500 for attorneys' fees.

Defendant, who was then self-represented, filed a counterclaim contending that the amount claimed by plaintiff was incorrect and that plaintiff owed her $3,283.95 for overpayments she had made to satisfy the judgments entered against her in 2016 and 2018.

The 2022 matter then proceeded to trial, which was conducted over two days. On February 15, 2023, the Special Civil Part issued an order and a written opinion awarding plaintiff $2,352.46, plus $82 in filing fees, for a total judgment of $2,434.46. Of the $2,352.46, $498 was owed for assessments and late fees,

A-3163-22

and the remaining $1,854.46 was for prior awards of attorneys' fees and costs. The Special Civil Part also dismissed defendant's counterclaim as without merit.

In its written opinion, the court began its analysis by looking at the $2,848.41 balance owed by defendant when the 2018 default judgment was entered. The court reasoned that plaintiff's 2017 complaint sought compensation that was still owed from the 2016 litigation, in addition to unpaid and accelerated assessments, attorneys' fees, and costs of suit. Next, the court found that plaintiff failed to offer any persuasive argument or facts to explain its demand for additional legal fees that had accrued after the filing date of the 2018 judgment but before the filing of the 2022 complaint. Accordingly, the court held that plaintiff's requests for attorneys' fees that accrued between November 21, 2017 and July 7, 2022 lacked factual support and should not be awarded.

The court then found that plaintiff had proven recoverable assessments and costs of $9,947.87 for the period from November 21, 2017 to December 19, 2022. The court also found, however, that defendant was entitled to a credit in the amount of $7,595.41 for payments she had made to plaintiff during that time. Accordingly, the court awarded plaintiff $2,352.46, plus $82 in filing fees, for a total judgment of $2,434.46.

4

On March 7, 2023, plaintiff filed a motion for reconsideration seeking attorneys' fees that had accrued after December 19, 2022, and an opportunity to submit an affidavit of service to prove the fees incurred. In response, defendant cross-moved, requesting the court to enforce the 2022 judgment, compel plaintiff to apply the payments tendered by defendant to satisfy the judgment, and direct plaintiff to adjust its records to reflect the actual balance she owed.

On March 24, 2023, the court issued an order granting plaintiff's motion for reconsideration and directing plaintiff to submit a certification of attorneys' fees detailing the fees incurred after December 19, 2022. In a separate order issued that same day, the court denied defendant's cross-motion. Thereafter, in April 2023, plaintiff filed a fee application and letter brief, seeking $11,103.14 in attorneys' fees and costs incurred from October 1, 2022 through March 31, 2023.

On April 21, 2023, the court issued an oral decision awarding plaintiff an additional $1,000. In its oral decision, the court first noted that additional attorneys' fees were warranted because plaintiff had to try the 2022 lawsuit. The court also acknowledged that there was a legal basis for an award given the express provision in the Association's bylaws. The court then proceeded to assess the reasonableness of plaintiff's request for legal fees.

A-3163-22

In holding that the requested amount of attorneys' fees was not reasonable, the court focused its evaluation on the reasonableness of the total fees requested in comparison to the amount of the damages recovered. In doing so, the court cited and relied on Packard-Bamberger & Co. v. Collier, 167 N.J. 427 (2001), and Litton Industries, Inc. v. IMO Industries, Inc., 200 N.J. 372 (2009). The court then reasoned that plaintiff was seeking more than $11,000, which was in addition to the $2,434.46 already awarded—an amount that was primarily comprised of legal fees. So, the court limited the additional award to $1,000.

On May 8, 2023, the court memorialized its ruling in an amended judgment, which listed the total amount owed as $3,434.46. Plaintiff now appeals from that amended judgment.

## II.

On appeal, plaintiff contends the court abused its discretion by limiting the fee award to $1,000. In that regard, plaintiff argues the court erred in deciding that the $11,103.14 requested was unreasonable because the requested fees far exceeded the damages awarded.

"A prevailing party can recover counsel fees if expressly allowed by statute, court rule, or contract." Empower Our Neighborhoods v. Guadagno, 453 N.J. Super. 565, 579 (App. Div. 2018). Generally, the party who prevails on a

breach of contract claim satisfies the contractual right for an award of fees. Litton Indus., Inc., 200 N.J. at 385-86.

We review an award of attorneys' fees for an abuse of discretion. Empower Our Neighborhoods, 453 N.J. Super. at 579; Shore Orthopaedic Grp., LLC v. Equitable Life Assurance Soc'y of the U.S., 397 N.J. Super. 614, 623 (App. Div. 2008). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Empower Our Neighborhoods, 453 N.J. Super. at 579 (alteration in original) (quoting Packard-Bamberger & Co., 167 N.J. at 444).

In this matter, plaintiff was entitled to reasonable attorneys' fees under section 4.08 of the Association's declaration of covenants and bylaws. That section stated, in relevant part:

> The Association may bring an action at law against the Owner personally obligated to pay [assessments] . . . and in the event a judgment is obtained, such judgment shall include interest on the amount due as herein provided and reasonable attorneys' fees to be fixed by the court together with costs of the action.

Moreover, plaintiff was the prevailing party in the 2022 litigation. Accordingly, the issue on appeal is whether the trial court abused its discretion when it awarded plaintiff $1,000 in additional attorneys' fees.

7

In assessing a request for attorneys' fees, a court must determine the "lodestar," which is the "number of hours reasonably expended by the successful party's counsel in the litigation, multiplied by a reasonable hourly rate." Litton Indus., Inc., 200 N.J. at 386; see also Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004); Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995). "[T]he trial court should satisfy itself that the assigned hourly rates are fair, realistic, and accurate, or should make appropriate adjustments." Rendine, 141 N.J. at 337. In making that inquiry, the court should consider the factors laid out in RPC 1.5(a), including "the amount involved and the results obtained." RPC 1.5(a)(4).

In calculating the number of hours to be used in determining the lodestar, a court "must not include excessive and unnecessary hours spent on the case." Furst, 182 N.J. at 22. So, a court has discretion to exclude certain hours from the calculation "if the specific circumstances incidental to a counsel-fee application demonstrate that the hours expended, taking into account the damages prospectively recoverable, the interests to be vindicated, and the underlying statutory objectives, exceed those that competent counsel reasonably would have expended to achieve a comparable result." Rendine, 141 N.J. at 336.

In this case, the court focused on the amount of fees requested by plaintiff compared to the result obtained. Given what was at issue in this case, we discern

no abuse of discretion. The New Jersey Supreme Court has repeatedly stated that trial courts should evaluate the reasonableness of a fee request by comparing the amount requested to the amount of damages actually recovered. See Packard-Bamberger & Co., 167 N.J. at 445-46; Litton Indus., Inc., 200 N.J. at 387. The underlying litigation here involved a claim for assessments owed to a homeowners association. Ultimately, plaintiff recovered less than $500 for unpaid assessments, and the remainder of the award was for prior attorneys' fees. Consequently, the court did not abuse its discretion by recognizing that a request for more than $11,000 in additional attorneys' fees was not reasonable and was not justified given the damages recovered.

Plaintiff contends that the trial court erred by not going through a detailed analysis of the lodestar and all the factors under RPC 1.5(a). While we recognize that the court's analysis did not go into detail, we discern no reversible error. The court spent two days trying a case where plaintiff claimed several thousand dollars due in assessments, while defendant maintained that she had paid most of those assessments. Ultimately, the court found that plaintiff was owed less than $500 in assessments. Given those facts, there was no abuse of discretion in the trial court's focus on the reasonableness of the additional request for attorneys' fees in comparison to the result obtained.

A-3163-22

In discerning no reversible error, we also consider the nature of this litigation. This was not a litigation where a significant public policy was at issue, like in cases involving claims of discrimination. The attorneys' fees award was, therefore, not vindicating some important public policy. Instead, the underlying case was a relatively small dispute that was resolved in the Special Civil Part.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3163-22